Filed 1/25/16  P. v. Suarez CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>NEWTON SUAREZ,<br><br>    Defendant and Appellant. | B264601<br><br>(Los Angeles County<br>Super. Ct. No. PA068584) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In 2012 defendant and appellant, Newton Suarez, was found guilty of inflicting corporal injury on a spouse and dissuading a witness, with true findings of deadly weapon use, infliction of great bodily injury and prior serious felony convictions (Pen. Code, §§ 273.5, 136.1, 12022, 12022.7, 667, subds. (b)-(i)).[1] The trial court sentenced Suarez to a "Three Strikes" term of 64 years to life in state prison. (The judgment was affirmed on appeal in *People v. Suarez* (Oct. 29, 2013, B240911) [nonpub. opn.].)

On July 21, 2014, following the passage of Proposition 36,[2] Suarez, acting in propria persona, filed a petition for recall of his sentence. On July 29, 2014, the trial court denied the petition on the ground that Suarez was ineligible for resentencing under Proposition 36 because one of his current convictions (spousal battery) included an enhancement finding for use of a deadly weapon. Suarez did not appeal this ruling. Instead, on March 3, 2015, he filed a second petition for recall of his sentence. On March 16, 2015, the trial court denied this petition on the ground it had already denied Suarez's first petition. The court explained that Suarez's proper remedy was to file a notice of appeal. Suarez thereafter filed a notice of appeal on May 11, 2015.

We appointed counsel to represent Suarez on appeal. After reviewing the record, counsel filed an opening brief requesting this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441. We directed counsel to send the record on appeal and a copy of the opening brief to Suarez and notified Suarez that he had 30 days within which to personally submit any contentions or issues that he wished us to consider. Suarez has filed a supplemental brief.[3]

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

[2]     The passage of Proposition 36 resulted in the enactment of section 1170.126.

[3]     Suarez's supplemental brief, which we received on January 6, 2016, shall be deemed filed as of the date of the filing of this opinion.

We have examined the entire record and determined that, as the trial court found, Suarez is ineligible for a reduction of his sentence under Proposition 36 because he has a disqualifying current conviction.

As we explained in *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279: "On November 6, 2012, voters approved Proposition 36, the Three Strikes Reform Act of 2012 (the Act). Under the three strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12) as it existed prior to Proposition 36, a defendant convicted of two prior serious or violent felonies would be subject to a sentence of 25 years to life upon conviction of a third felony. Under the Act, however, a defendant convicted of two prior serious or violent felonies is subject to the 25-year-to-life sentence only if the third felony is *itself* a serious or violent felony. If the third felony is not a serious or violent felony, the defendant will receive a sentence as though the defendant had only one prior serious or violent felony conviction, and is therefore a second strike, rather than a third strike, offender. The Act also provides a means whereby prisoners currently serving sentences of 25 years to life for a third felony conviction which was not a serious or violent felony may seek court review of their indeterminate sentences and, under certain circumstances, obtain resentencing as if they had only one prior serious or violent felony conviction. According to the specific language of the Act, however, a current inmate is not entitled to resentencing if it would pose an unreasonable risk of danger to public safety." (*Id*. at pp. 1285-1286, fn. omitted.) "[T]here are two parts to the Act: the first part is *prospective* only, reducing the sentence to be imposed in future three strike cases where the third strike is not a serious or violent felony (Pen. Code, §§ 667, 1170.12); the second part is *retrospective*, providing *similar, but not identical*, relief for prisoners already serving third strike sentences in cases where the third strike was not a serious or violent felony (Pen. Code, § 1170.126)." (*Id*. at p. 1292.)

Subdivision (e)(2) of section 1170.126 provides that an inmate who is otherwise qualified for resentencing is only eligible if "[t]he inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii),

3

inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12."
Clause (iii) of each statute sets forth the same disqualifying condition: "During the
commission of the current offense, the defendant used a firearm, was armed with a
firearm or deadly weapon, or intended to cause great bodily injury to another person."
One of Suarez's current convictions was for inflicting corporal injury on a spouse, during
which offense he used (and was, therefore, armed with)[4] a deadly weapon – a pair of
scissors. The trial court properly determined Suarez was ineligible for resentencing
under Proposition 36.

     We are satisfied that defense counsel has fully complied with his responsibilities
and that no arguable appellate issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 278
[120 S.Ct. 746]; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

---

[4]    "A finding of use of a [deadly weapon] necessarily includes an armed finding, and
the defendant may not be penalized for both [citations]." (*People v. Wischemann* (1979)
94 Cal.App.3d 162, 175.)

**DISPOSITION**

The trial court's order is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.

We concur:



ALDRICH, J.



LAVIN, J.